[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 815
The plaintiff and the defendant were married on October 18, 1992, at Woodstock, Connecticut.
All jurisdictional requirements have been met.
The parties have one minor child born issue of their marriage, Victoria Wilder Pike, born January 6, 1995.
The marriage of the parties has broken down irretrievably and the same is hereby dissolved.
The court has considered all the statutory criteria contained in Conn. Gen. Stat. Secs. 46b-56, 46b-81, 46b-82, and 46b-84.
This is a matter which has been marked by acrimony, charges of child abuse, investigation by the Department of Children and Families (DCF) and complex psychological and emotional issues. Because of the nature of the claims between the parties, the paternal grandparents have intervened, seeking either sole custody, or in the alternative, joint legal custody with their son.
Both the mother and the father seek an order of sole custody of the minor children. The plaintiff's concern is based on her claim that the father has sexually abused the child. She has involved various medical personnel, the police and DCF in an attempt to substantiate her claim.
The father is concerned that the mother is emotionally unstable to a degree that harms the child. He claims that the mother's parenting skills are lacking and that the child is exposed to risk in her care.
The plaintiff has repeatedly charged that her husband may have sexually abused their daughter. She claims that he has been abusive toward her as well. Her psychiatrist confirms that she has made such claims. The Department of Children and Facilities has investigated referrals and complaints it has received regarding the sexual abuse and has dismissed the charges as unfounded. Indeed, the credibility of her claims is highly suspect in light of the plaintiff's efforts to reconcile with her husband and the weak logic which leads her to believe that her CT Page 816 husband has abused the child because he has lost sexual interest in her.
Each of the parents brings shortcomings to this dispute. The father is dedicated to his daughter, but immature and not particularly aware of his own strengths and weaknesses. The mother's shortcomings are far more disturbing; she is emotionally unstable and has in the past been hospitalized, in a delusional state, after expressing violent urges toward her husband and daughter. She appears to not know the difference between the truth or lie, and her behavior towards her daughter is superficial and detached.
While the mother does not appear to have a strong bond with her daughter, as evidenced by the psychological evaluation, the father does. There is no doubt that the evidence shows that the mother is not an appropriate custodian for the child. Indeed, DCF has become concerned that the child is at emotional risk in her care. They are concerned that the child has been emotionally neglected as the mother has relentlessly pursued the sexual abuse claim. There is question as to whether she has manipulated the child physically in order to produce evidence. The court is most concerned that the child is at risk because of the mother's earlier homicidal threats.
The question then becomes whether or not there is sufficient evidence to believe that the father is a risk to his daughter as a custodian, and, if so, should his parents be sole or joint custodians. In addition, the court must determine what if any visitation rights should be accorded to the mother.
The mother's charges of sexual abuse have subjected the father to intense psychological scrutiny. This scrutiny reveals him to be a highly sexual and somewhat adolescent, and in the mind of one of the psychologists raises some concerns about whether, in the future, Mr. Pike might be inappropriately attracted to his daughter. The psychologist explains that this "is not to say that Tom would attempt any sort of sexualized contact with his daughter." As Dr. Anderson points out, there is no determinate profile or litmus test with which to predict that someone would have sexual contact with a child. In this case there is no evidence that there has been inappropriate contact. Indeed, the court finds that the allegations of the mother are false. There is also not evidence, which rises above the level of speculation, that there will be any inappropriate behavior. The CT Page 817 psychologist treating Mr. Pike sees nothing inappropriate now, nor does she see any future danger, even in light of Dr Anderson's report. There is not at this time any evidence, which shows, in accordance with the appropriate burden of proof, that Mr. Pike presents a threat to his daughter.
The court there for enters the following orders.
 1. Custody of the minor child is awarded to the defendant.
 2. The plaintiff shall have rights of visitation which shall be limited and conducted at a professionally run center for supervised visitation. The visitation shall not take place more than two times per week. The center in Rockville or one similar to it, is approved by the court.
 3. In addition the plaintiff may have additional supervised visitation at Christmas and Thanksgivings, though not necessarily on the holidays themselves, depending on the availability of supervision. .
4. No alimony is awarded either party.
 5. The plaintiff is currently unemployed and thus does not owe child support under the guidelines. The plaintiff has worked in the past and has an earning capacity. She is ordered to make diligent efforts to find full time employment and shall keep a log of her efforts to do so. The log shall include the company contacted, name of contact person, date of contact, job description, job pay and result of contact. She shall forward copies of these records to the defendant on a weekly basis and shall inform him within 48 hours of obtaining work. She shall forward to him, on a weekly basis, pay stubs for the first 60 days of employment.
 6. The jointly owned real estate is ordered sold. The defendant shall have rights of exclusive use and possession until sale. The defendant shall CT Page 818 have the authority over all sale arrangements. Any equity existing after payment of the mortgage, costs of closing, and reimbursement for necessary repairs, shall be distributed as follows: one half to each party and from the plaintiff's half, she shall pay to the defendant all outstanding court ordered payments, the fees due from her to the attorney for the minor child and one half of the liabilities listed as joint on the defendant's financial affidavit.
 7. The defendant shall pay outstanding fees due to the attorney for the minor child within 60 days.
 8. The plaintiff shall remain liable for any balance of her share of the bills adjudged joint remaining after payment from her share of the equity and shall pay the same to the defendant within six months of judgment.
 9. The defendant shall maintain medical insurance for the benefit of the minor child. Each of the parties shall be responsible for one half of its cost and for one half of all health related non-insured or non-reimbursed expenses incurred on behalf of the minor child.
 10. Each of the parties shall retain the assets on their financial affidavits and shall be responsible for and indemnify the other for all liabilities not previously addressed in orders.
 11. The defendant is awarded all of the personal properly listed on exhibit O.
 12. Each of the parties shall name the child as irrevocable beneficiary of a minimum of $20,000.00 life insurance. The Trustee of the proceeds of the policy shall be a responsible adult selected by the defendant.
BY THE COURT
ELAINE GORDON, JUDGE CT Page 819